**ANDERSON KILL P.C.**
Steven J. Pudell, Esq.
Robert D. Chesler, Esq.
One Gateway Center, Suite 1510
Newark, NJ 07102
Tel: 973-642-5858
Facsimile: 973-621-6461
spudell@andersonkil.com
rchesler@andersonkill.com
*Attorney for Plaintiff*
*Madison Board of Education*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MADISON BOARD OF EDUCATION,<br><br>                             Plaintiff,<br><br>vs.<br><br>ATLANTIC EMPLOYERS INSURANCE COMPANY and CENTURY INDEMNITY COMPANY, as successor to The INSURANCE COMPANY OF AMERICA,<br><br>                             Defendants. | CIVIL ACTION NO.:_____<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Madison Board of Education (the "*Board*"), by and through its attorneys, Anderson Kill P.C., brings this Complaint against Defendant Atlantic Employers Insurance Company ("*AEIC*") and Century Indemnity Company, as successor to the Insurance Company of North America ("*INA*") (collectively "*Defendants*" or collectively "*Chubb*"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is a declaratory judgment and breach of contract action arising out of Defendants' failure and refusal to provide a complete defense to, and indemnify, the Board in connection with two underlying lawsuits, entitled: (i) *John Doe v. Board of Education of the*

*Borough of Madison, et al.*, Docket No.: MRS-L-1705-21, in the Superior Court of New Jersey, Law Division, Morris County (the "*John Doe Matter*") and, (ii) *John Doe 2 v. Board of Education of the Borough of Madison, et al.,* Docket No.: MRS-L-1706-21, in the Superior Court of New Jersey, Law Division, Morris County (the "*John Doe 2 Matter*") (collectively referred to as the "*Underlying Claims*"). John Doe and John Doe 2 are brothers. The Complaints in the Underlying Claims, commenced by John Doe and John Doe 2, are attached hereto as Exhibits A and B respectively.

2. In the *John Doe Matter*, John Doe alleges that he was sexually abused multiple times between approximately 1981-1982 by Raymond Cullen ("*Cullen*"), a former Dean of Students for Madison High School and seeks to hold the Board responsible for this alleged abuse. Cullen was also a 'special police officer' for the Madison Borough.

3. In the *John Doe 2 Matter*, John Doe 2 alleges that he was sexually abused multiple times between approximately 1981-1983 by Cullen, and seeks to hold the Board responsible for this alleged abuse.

4. The Board purchased general liability insurance policies from 1980 to 1985 from INA and AEIC (previously defined above collectively as "*Chubb*"):

    a) INA Policy No. SPD01852589, for the policy period January 21, 1980 to January 21, 1981;

    b) INA Policy No. SPD01852589, for the policy period January 21, 1981 to January 21, 1982;

    c) INA Policy No. SPD02480918, for the policy period January 21, 1982 to January 21, 1983 (collectively, with the above policies as the "*INA Policies*"). The INA Policies are attached hereto as Exhibit C.;

    d) AEIC Policy No. INPD06147148, for the policy period January 21, 1983 to January 21, 1984; and,

    e) AEIC Policy No. INPD06147148, for the policy period January 21, 1984 to January 21, 1985 (collectively, with the above policy as the "*AEIC Policies*"). The AEIC Policies are attached hereto as Exhibit D.

  5. These insurance policies coincide in part with the time periods in which John Doe and John Doe 2 allege they were abused, and thus provide coverage for the allegations in the Underlying Claims.

  6. While INA and AEIC have agreed to partially defend the Board in the Underlying Claims, subject to a reservation of rights, both INA and AEIC have wrongfully refused to fully defend and fully indemnify the Board in connection with the Underlying Claims.

  7. Accordingly, the Board brings this action for declaratory judgment and breach of contract against INA and AEIC (collectively, "Chubb"), seeking (a) a declaration that INA and AEIC are required to defend and indemnify the Board in connection with all allegations of abuse in the Underlying Claims between January 21, 1980 and January 21, 1985; (b) a declaration that the abuse as alleged by John Doe and John Doe 2 constitutes multiple occurrences under the INA and AEIC policies; (c) a declaration that each separate occurrence is subject to a $1,000,000.00 limit; (d) a declaration that there is no applicable aggregate limit for bodily injury claims under the INA and AEIC policies; and, (e) damages resulting from the breach of contract including fees and costs incurred in defending the Underlying Claims.

## **THE PARTIES**

  8. Plaintiff, Madison Board of Education, is a public entity which operates the Madison Public School District, organized and existing under the laws of the State of New Jersey,

with its principal place of business located at 359 Woodland Avenue, in Madison, New Jersey 07940.

9. Defendant, AEIC, upon information and belief, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania, which at all relevant times was licensed to conduct (and did) business in the State of New Jersey.

10. Defendant, Century Indemnity Company, as successor to Insurance Company of America, upon information and belief, is a corporation organized under the laws of the Commonwealth of Pennsylvania, and headquartered in Philadelphia, Pennsylvania, which at all relevant times was licensed to conduct (and did) business in the State of New Jersey.

11. Defendants, AEIC and Century Indemnity Company, are now related to the Chubb Corporation group of insurance companies.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over the claims set forth in this Complaint pursuant to 28 U.S.C. §1332(a)(1), as the amount in controversy exceeds $75,000.00 exclusive of interest and is between citizens of different states.

13. Venue is proper in this District pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to this action occurred in this District, and because the Defendants engaged in substantial and not isolated activity within New Jersey.

## FACTUAL BACKGROUND

I. **The Board's Insurance Program**

14. The Board paid substantial premiums to a number of different insurance companies in the 1980's, including AEIC and INA. In exchange, these insurance companies agreed

to provide general liability coverage to the Board, which cover the types of allegations alleged in the Underlying Claims.

15. INA sold to the Board three or more general liability insurance policies covering the January 21, 1980 to January 21, 1983 policy periods (previously defined as the INA Policies).

16. INA sold to the Board at least three general liability policies including, policy no.: SPD01852589, for the January 21, 1980 to January 21, 1981 policy period (the "*INA 1980-1981 Policy*"); policy no.: SPD01852589 for the January 21, 1981 to January 21, 1982 policy period (the "*INA 1981-1982 Policy*"); and, policy no. SPD0240918 for the January 21 1982 to January 21, 1983 policy period (the "*INA 1982-1983 Policy*").

17. The INA Policies provide general liability coverage with a $1,000,000.00 limit for each occurrence.

18. The insuring agreement in the INA policies, in part, provides: "Against all risks of direct physical loss or damage to that property under Coverages A and B which is designated in the Declarations as subject to this insurance…."

19. The term "Bodily Injury" is defined in the INA policies as "bodily injury, sickness or disease sustained by any person, including death at any time resulting therefrom."

20. The term "Occurrence" is defined in the INA policies as "an accident, including continuous or repeated exposure to conditions, which results in personal injury or property damage neither expected nor intended from the standpoint of the insured[.]"

21. Upon information and belief, the terms in the INA 1982-1983 Policy are substantially similar to the terms in the insurance policies that INA sold to the Board covering the January 21, 1980 to January 21, 1982 policy periods.

22. AEIC sold at least two general liability policies to the Board, including policy no.: INPD06147148 for the January 21, 1983 to January 21, 1984 policy period (the "*AEIC 1983-1984 Policy*"); and policy no.: INPD06147148 for the January 21, 1984 to January 21, 1985 policy period (the "*AEIC 1984-1985 Policy*").

23. The AEIC Policies provide general liability coverage with a $1,000,000.00 limit for each occurrence.

24. Upon information and belief, the insuring agreement in the AEIC 1983-1984 Policy and the AEIC 1984-1985 Policy, provide that AEIC "will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (a) bodily injury or (b) property damage to which this insurance applies, caused by an occurrence."

25. Upon information and belief, the term "Occurrence" is defined in AEIC 1983-1984 Policy and AEIC 1984-1985 Policy as "an accident, including continuous or repeated exposure to conditions, which results in personal injury or property damage neither expected nor intended from the standpoint of the insured."

**II.   The Underlying Claims are Covered Under the INA and AEIC Insurance Policies**

26. The Underlying Claims arise out of allegations of sexual abuse alleged to have been committed by Cullen, who was the former Dean of Students at Madison High School from approximately 1975 until 1984.

27. In the Underlying Complaint in the John Doe Matter, John Doe alleges that he attended Madison High School from approximately 1981 to 1985. During that period, from approximately 1981 to 1982, Cullen allegedly sexually abused John Doe on at least approximately 34 separate occasions at Cullen's office within Madison High School and at Cullen's home.

28. In the John Doe Matter, Plaintiff asserts multiple causes of action against the Board, including: (1) Negligence; (2) Negligent Supervision; (3) Negligent Hiring and

6

Retention; (4) Gross Negligence; (5) Intentional Infliction of Emotional Distress; (6) Breach of Fiduciary Duty; (7) Violations of the Law Against Discrimination; and (8) a claim for punitive damages.

29. In the Underlying Complaint in the John Doe 2 Matter, John Doe 2 alleges that he was a student at the Board's school from approximately 1980 to 1984. During that period, John Doe 2 alleges that from approximately 1981 or 1982 to 1983, Cullen allegedly sexually abused John Doe 2 on at least approximately two separate occasions, at least once at Cullen's office within Madison High School and at least once at Cullen's home.

30. In the John Doe 2 Matter, Plaintiff asserts multiple causes of action against the Board, including: (1) Negligence; (2) Negligent Supervision; (3) Negligent Hiring and Retention; (4) Gross Negligence; (5) Intentional Infliction of Emotional Distress; (6) Breach of Fiduciary Duty; (7) Violations of the Law Against Discrimination; and (8) a claim for punitive damages.

31. The allegations against the Board giving rise to the Underlying Claims are cast in terms of negligence, and, thus, are covered under the INA and AEIC policies.

32. INA is therefore obligated to defend and indemnify the Board in connection with all allegations in the John Doe and John Doe 2 Matters between January 21, 1980 to January 21, 1983.

33. AEIC is obligated to defend and indemnify the Board in connection with all allegations in the John Doe and John Doe 2 Matters between January 21, 1983 and January 21, 1985.

34. Despite the Board providing timely notice of the Underlying Claims, INA and AEIC have failed and refused to provide a complete defense and indemnity to the Board in connection with the Underlying Claims.

35. INA and AEIC have taken the unreasonable and incorrect position that all the allegations of abuse by John Doe and John Doe 2 are only one – total – occurrence under each Policy.

## COUNT I
### (DECLARATORY JUDGMENT AGAINST INA)

36. The Board repeats and realleges the allegations set forth in all prior paragraphs as if fully set forth herein.

37. The INA Policies, which INA sold to the Board, constitute valid contracts of insurance between the Board and INA.

38. The Board paid all insurance premiums due under those insurance policies.

39. In addition, the Board has complied with all conditions and satisfied all obligations under the INA Policies, to the extent that they have not been waived or abrogated by INA's intentional conduct, omissions, actions or breaches.

40. The Board is entitled to coverage for the John Doe and John Doe 2 Matters under one or more of the INA Policies.

41. The INA Policies cover the January 21, 1980 to January 21, 1983 policy period, which coincide with the periods in which John Doe and John Doe 2 allege they were abused.

42. The allegations of abuse constitute multiple occurrences under the INA Policies.

43. The INA Policies contain a per-occurrence limit of $1,000,000.00 per policy period with no applicable aggregate limit for bodily injury claims.

44. Therefore, the Board's liabilities arising from John Doe and John Doe 2 Matters are covered claims under the subject insurance policies the Board purchased from INA.

45. There is no exclusion, condition, definition, or other provision in those policies that exclude or eliminate coverage for the Board's liabilities arising from the John Doe and John Doe 2 Matters.

46. Further, there is no doctrine at law or in equity that excludes or eliminates coverage for the Board's liabilities arising from the John Doe and John Doe 2 Matters.

47. Despite the fact that the INA Policies contain a per-occurrence limit for each policy period with no applicable aggregate limit for bodily injury claims, INA has failed and refused to recognize that there are multiple occurrences under the policies and failed and refused to tender the Board the full policy limits that are available under the INA Policies for the John Doe and John Doe 2 Matters – namely, $1,000,000.00 per occurrence.

48. An actual and justiciable controversy has arisen between the Board and INA regarding the number of occurrences in connection with the John Doe and John Doe 2 Matters, as well as the available policy limits under the INA Policies for both matters.

49. By reason of the foregoing, an actual, substantial, and justiciable controversy exists between the Board and INA regarding INA's liabilities arising from the John Doe and John Doe 2 Matters, and a judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights and duties.

50. Pursuant to N.J.S.A. 2A:16-50 et seq., a justiciable controversy exists between the parties.

## COUNT II
### (BREACH OF CONTRACT AGAINST INA)

51. The Board repeats and realleges the allegations set forth in all prior paragraphs as if fully set forth herein.

52. The INA Policies, all constitute valid and enforceable contracts that impose upon INA certain obligations, including the obligation to defend and indemnify the Board in connection with claims arising from bodily injury that are caused by an "occurrence".

53. Notwithstanding those obligations, INA, by denying coverage in part, and failing to completely defend and indemnify the Board in connection with the John Doe and John Doe 2 Matters, has violated its contractual obligations owed to the Board and has therefore breached the subject insurance policies.

54. The Board has satisfied all obligations owing under the subject insurance policies and has complied with all conditions necessary for coverage under the policies, including, but not limited to, paying all insurance premiums due under the policies.

55. INA's breaches, actions, and conduct described above constitute a breach of contract.

56. As a direct and proximate result of INA's breach of contract, the Board incurred and continues to incur damages, including, but not limited to, compensatory damages, direct and consequential damages, pre- and post-judgment interest, and attorneys' fees and costs in an amount to be proven at trial.

## COUNT III
### (DECLARATORY JUDGMENT AGAINST AEIC)

57. The Board repeats and realleges the allegations set forth in all prior paragraphs as if fully set forth herein.

docs-100718579.7

58. The AEIC 1983-1984 Policy and AEIC 1984-1985 Policy both constitute valid contracts of insurance between the Board and AEIC.

59. Indeed, AEIC, sold to the Board the AEIC 1983-1984 Policy for the policy period of January 21, 1983 to January 21, 1984 policy period and the AEIC 1984-1985 Policy for the policy period of January 21, 1984 to January 21, 1985.

60. The Board paid all insurance premiums due under those insurance policies.

61. In addition, the Board has complied with all conditions and satisfied all obligations, to the extent that they have not been waived or abrogated by AEIC's intentional conduct, omissions, actions or breaches.

62. The Board is entitled to coverage for the John Doe and John Doe 2 Matters under one or more of the AEIC Policies.

63. The AEIC 1983-1984 Policy and AEIC 1984-1985 Policy covers the January 21, 1983 to January 21, 1985 policy period, which coincides with the period in which John Doe and John Doe 2 allege they were abused.

64. The allegations of abuse constitute multiple occurrences under the AEIC Policies.

65. The AEIC Policies contain a per-occurrence limit of $1,000,000.00 per policy period with no applicable aggregate limit for bodily injury claims.

66. Therefore, the Board's liabilities arising from John Doe and John Doe 2 Matters are covered claims under the subject insurance policies the Board purchased from AEIC.

67. There is no exclusion, condition, definition or other provision in those policies that exclude or eliminate coverage for the Board's liabilities arising from the John Doe and John Doe 2 Matters.

68. Further, there is no doctrine at law or in equity that excludes or eliminates coverage for the Board's liabilities arising from the John Doe and John Doe 2 Matters.

69. Despite the fact that the AEIC policies contains a per-occurrence limit for the policy period with no applicable aggregate limit for bodily injury claims, AEIC has failed and refused to recognize that there are multiple occurrences under the Policies and failed and refused to tender the Board the full policy limits that are available under the AEIC Policies for the John Doe and John Doe 2 Matters – namely, $1,000,000.00 per occurrence.

70. An actual and justiciable controversy has arisen between the Board and AEIC regarding the number of occurrences in connection with the John Doe and John Doe 2 Matters, as well as the available policy limits under each AEIC policy for both Matters.

71. By reason of the foregoing, an actual, substantial, and justiciable controversy exists between the Board and AEIC regarding AEIC's liabilities arising from the John Doe and John Doe 2 Matters, and a judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights and duties.

72. Pursuant to N.J.S.A. 2A:16-50 et seq., a justiciable controversy exists between the parties.

## COUNT IV
### (BREACH OF CONTRACT AGAINST AEIC)

73. The Board repeats and realleges the allegations set forth in all prior paragraphs as if fully set forth herein.

74. The AEIC 1983-1984 Policy and AEIC 1984-1985 Policy constitute valid and enforceable contracts that impose upon AEIC certain obligations, including the obligation to defend and indemnify the Board in connection with claims arising from bodily injury that are caused by an "occurrence".

75. Notwithstanding those obligations, AEIC, by denying coverage in part, and failing to completely defend and indemnify the Board in connection the John Doe and John Doe 2 Matters, has violated its contractual obligations owed to the Board and has therefore breached the subject insurance policies.

76. The Board has satisfied all obligations owing under the subject insurance policies and has complied with all conditions necessary for coverage under the policies, including, but not limited to, paying all insurance premiums due under the policy.

77. AEIC's breaches, actions, and conduct described above constitute a breach of contract.

78. As a direct and proximate result of AEIC's breach of contract, the Board incurred and continues to incur damages, including, but not limited to, compensatory damages, direct and consequential damages, pre- and post-judgment interest, and attorneys' fees and costs in an amount to be proven at trial.

**WHEREFORE**, the Board respectfully requests the following relief:

a) Enter declaratory judgment on Count I in favor of the Board and against INA, including a declaration that: 1) the abuse as alleged by John Doe and John Doe 2 constitute multiple occurrences under the INA policies, 2) each occurrence is subject to a $1,000,000.00 limit, 3) there is no applicable aggregate limit for bodily injury claims under the INA policies and, 4) INA must provide a complete defense to, and indemnify, the Board in connection with the John Doe and John Doe 2 Matters;

docs-100718579.7

b)   Enter judgment on Count II in favor of the Board and against INA in an amount to be determined at trial, including, but not limited to, compensatory damages, consequential damages, and any other pertinent damages, along with attorneys' fees pursuant to *Rule* 4:42-9(a)(6), costs of suit, and pre- and post-judgment interest;

c)   Enter declaratory judgment on Count III in favor of the Board and against AEIC, including a declaration that: 1) the abuse as alleged by John Doe and John Doe 2 constitute multiple occurrences under the AEIC policies, 2) each occurrence is subject to a $1,000,000.00 limit, 3) there is no applicable aggregate limit for bodily injury claims under the AEIC policies and, 4) AEIC must provide a complete defense to, and indemnify the Board in connection with, the John Doe and John Doe 2 Matters;

d)   Enter judgment on Count IV in favor of the Board and against AEIC in an amount to be determined at trial, including, but not limited to, compensatory damages, consequential damages, and any other pertinent damages, along with attorneys' fees pursuant to *Rule* 4:42-9(a)(6), costs of suit, and pre- and post-judgment interest;

e)   As to each count, pre- and post-judgment interest;

f)   As to each count, attorneys' fees pursuant to Rule 4:42-9(a)(6); and,

g)   Such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

The Board hereby demands a trial by jury as to all Causes of Action so triable.

Dated: Newark, New Jersey  
September 17, 2024

**ANDERSON KILL P.C.**

By: /s/ *Steven J. Pudell*  
Steven J. Pudell, Esq.  
Robert D. Chesler, Esq.  
One Gateway Center, Suite 1510  
Newark, NJ 07102  
Tel: 973-642-5858  
Facsimile: 973-621-6461  
spudell@andersonkill.com  
rchesler@andersonkill.com  
*Attorney for Plaintiff*  
*Madison Board of Education*